[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10208

Non-Argument Calendar

_____

CARLUS MCKAUFMAN,

Petitioner-Appellant,

*versus*

WARDEN,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:18-cv-24824-KMW

_____

Before ROSENBAUM, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Carlus McKaufman, a state prisoner, appeals the district court's dismissal of his federal habeas petition. During a state pre-trial hearing, McKaufman relied on a state judge's assurance of his trial date when he withdrew his demand for a speedy trial and motion to discharge counsel. Because of numerous continuances, McKaufman's trial occurred over a year after the agreed upon date. He argues that this delay violated his due process and speedy trial rights. The district court disagreed and denied his petition. After careful review, we affirm the district court.

**I.**

The state charged McKaufman, in February 2011, with one count of armed kidnapping with a firearm, one count of aggravated battery with a deadly weapon, one count of sexual battery by threat, one count of aggravated battery with great bodily harm, and one count of possession of a firearm by a convicted felon. Eight months later, in October 2011, McKaufman's counsel moved for and obtained a trial continuance.

McKaufman disagreed with his counsel's choice for a continuance. So he filed, *pro se*, a demand for a speedy trial and motion to discharge his counsel. The trial court held a hearing on the motion. At that hearing, the trial judge assured McKaufman that his case would go to trial on February 21, 2012, if he withdrew his

demand for a speedy trial and motion to discharge his counsel. McKaufman withdrew his requests.

Despite this assurance, two months later, McKaufman's counsel requested a trial continuance because he needed to depose witnesses. The prosecution also expressed a need for additional time, so the trial court issued the continuance. McKaufman then filed a motion, *pro se*, to discharge his counsel and void the continuances. At this time, he also filed a notice of expiration of time for speedy trial.

The trial court held a hearing on McKaufman's requests and explained that it was unavailable for trial on February 21, 2012, because of a different trial scheduled for that day. The judge set trial for April 16, 2012, and permitted McKaufman to terminate his counsel. Before that scheduled date, at a pre-trial hearing in early April, McKaufman told the judge he was prepared for trial but needed the prosecutor to arrange his defense depositions. Because McKaufman had to contact the prosecutor for this scheduling, the court issued a continuance until April 30, 2012, based on the misunderstanding.

But the court delayed the proceedings, again, because the prosecutor requested a continuance. McKaufman asserted another notice of expiration of speedy trial, but the trial court rejected it because McKaufman had waived his speedy trial right. Then McKaufman filed a habeas petition to the state trial court. In this petition, he raised a state speedy trial claim and Sixth and Fourteenth Amendment claims. That court denied his petition, without

explaining its decision for rejecting his federal law claims. Based on that denial, McKaufman filed a *pro se* notice of appeal to the Florida Supreme Court. That court transferred the appeal to the Third District Court of Appeal, which summarily affirmed the trial court's denial of his habeas petition.

The criminal trial started on May 20, 2013, over two years after the state charged McKaufman. A jury convicted him of kidnapping, battery, sexual battery by threat, and felony battery. He appealed the conviction, but the state appeals court affirmed the judgment. After denial of his appeals on direct review, he continued to seek state postconviction relief. In these petitions, McKaufman alleged ineffective assistance of counsel claims for, among other reasons, failing to properly raise his Sixth and Fourteenth Amendment claims. But the state courts denied his requests.

McKaufman sought federal review. He first filed a habeas petition during the pendency of his state proceedings. The district court denied that petition for failure to exhaust state remedies, and this Court denied his motion for a certificate of appealability. Five years later, he filed another federal habeas petition.

In assessing that petition, the district court addressed McKaufman's argument that the state violated his due process and Sixth Amendment rights by inducing him to withdraw his demand to speedy trial and motion to discharge counsel. First, as to the due process argument, the district court determined that the trial court neither acted unfairly nor with bias. Second, the district court applied the factors from *Barker v. Wingo*, 407 U.S. 514 (1972), which

assess a federal speedy trial claim, and determined the trial court did not violate his rights.

McKaufman appealed the ruling to this Court, and we granted a certificate of appealability on one issue: "Whether the trial court violated McKaufman's due process and speedy trial rights by failing to fulfill promises that induced him to withdraw his demand for a speedy trial and his motion to discharge counsel, where the trial was not held until over one year later."

On appeal, McKaufman reasserts his arguments that the state court violated his due process and speedy trial rights when it moved his trial date despite its promises. The state disagrees, arguing, among other things, that nothing in the record shows that the trial court acted with prejudice in delaying the trial date. Before addressing these arguments, we start with our reviewing standard.

## II.

Several principles govern our review of this appeal. We review *de novo* the district court's denial of a habeas petition. 28 U.S.C. § 2254. For habeas appeals from state prisoners, our deference to the state court judgment depends on whether the court decided the issues on the merits. 28 U.S.C. § 2254(d). If a petitioner presents "a federal claim . . . to a state court and the state court has denied relief," we may "presume[] that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington v. Richter*, 562 U.S. 86, 99 (2011). Put another way, this presumption means that

the state court need not "give reasons" for its decision to be considered adjudicated on the merits. *Id.* at 100.

When a state court adjudicates a petitioner's claims on the merits, the Antiterrorism and Effective Death Penalty Act of 1996 limits our ability to grant habeas relief. 28 U.S.C. § 2254. That Act requires us to deny the petition unless the state court decision is (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2).

## III.

To start, we determine whether the state court adjudicated McKaufman's claims on the merits. During his proceedings, on direct and collateral review, he alleged violations, among others, of his due process and speedy trial rights. And the state trial court explained that the unfulfilled promise of his trial date did not violate his state law speedy trial right. In denying his petition, the state court did not explain its reason for rejecting his federal law claims. Then the state appellate court affirmed, without explanation, that determination.

We recognize that state courts do not always expressly address all the claims a petitioner raises. In those circumstances, "when a state court issues an order that summarily rejects without discussion *all* the claims raised by a defendant, including a federal

23-10208                Opinion of the Court                7

claim that the defendant subsequently presses in a federal habeas proceeding," we "must presume (subject to rebuttal) that the federal claim was adjudicated on the merits." *Johnson v. Williams*, 568 U.S. 289, 292 (2013). Here, nothing rebuts the presumption that the state trial court and the state appellate court ruled sub silentio on the merits of McKaufman's federal claims. There is no reason to suspect, for example, that they rejected the federal claims for procedural reasons unrelated to the merits.

Because the state courts ruled on the merits of his federal claims, AEDPA requires McKaufman to establish that the state courts' decision was based on an unreasonable application of federal law or an unreasonable determination of the facts. "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 98. "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102. Rather, a prisoner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

With that standard of review in mind, we turn to McKaufman's due process claim. For this argument, McKaufman contends that his agreement with the trial court created a liberty interest. And when the court failed to hold trial on the agreed upon date, the court deprived him of that interest. He suggests that the

"material breach" of the agreement "left [him] ignorant of his legal options" therefore depriving him of "adequate procedure of proper notice and hearing." But even if we assume that the agreement created a liberty interest, we cannot say that the state courts unreasonably rejected this claim.

First, the trial court's decision is neither contrary to nor an unreasonable application of federal law as interpreted by the Supreme Court. 28 U.S.C. § 2254(d)(1). The Supreme Court has explained that the Due Process Clause establishes a "constitutional floor," which "clearly requires a 'fair trial in a fair tribunal' . . . before a judge with no actual bias against the defendant or interest in the outcome of his particular case." *Bracy v. Gramley*, 520 U.S. 899, 904–05 (1997) (citing *Withrow v. Larkin*, 421 U.S. 35, 46 (1975)).

Relevant to this fairness inquiry, McKaufman directs us to *Santobello v. New York*, 404 U.S. 257 (1971). There, a defendant relied on a prosecutor's promise in accepting his plea deal. *Id.* at 258. Later, during sentencing, a different prosecutor broke that initial promise. *Id.* at 259. The Supreme Court observed, "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Id.* at 262. McKaufman's reading requires us to extend *Santobello* to statements made by a state court judge when establishing a trial schedule. But *Santobello* involved "adjudicative element[s] inherent in accepting a plea of guilty," *id.*, which distinguish those facts from this case. The circumstances, here, fail to demonstrate that the judge's promise

influenced the adjudication establishing McKaufman's guilt. Based on this precedent, we cannot say the state court's decision is "contrary to" clearly established federal law. *See* 28 U.S.C. § 2254(d)(1).

Second, we cannot say the state courts unreasonably determined the facts considering the evidence presented. 28 U.S.C. § 2254(d)(2). Looking to the record, McKaufman relied on the judge's promise in withdrawing his initial demand for a speedy trial—but nothing prohibited him from reasserting that demand later. His contentions focus on the fact that the trial did not occur on the agreed upon date to prove the deprivation of due process. But that fact, alone, does not demonstrate a lack of fairness. Throughout the proceedings, the state judge tried to explain the speedy trial procedures to McKaufman, considering his arguments and requests. The judge also told him the benefits of a court-appointed attorney compared to proceeding *pro se*. Because the record neither reveals a lack of fairness nor bias, we cannot say the state court denied his due process claim based on unreasonable fact determinations. *See* 28 U.S.C. § 2254(d)(2).

Finally, we turn to whether the state court unreasonably applied federal law by rejecting McKaufman's federal speedy trial claim. We conclude that it did not. In *Barker*, the Supreme Court established a four-factor balancing test to determine whether a court deprived a defendant of his Sixth Amendment speedy trial rights. *Barker*, 407 U.S. at 530. These four factors weigh the conduct of the prosecution and the defendant: (1) "[l]ength of delay," (2) "the reason for the delay," (3) "the defendant's assertion of his

right," and (4) "prejudice to the defendant." *Id*. The Court explained that "none of the four factors identified above [are] either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial." *Id*. at 533.

Applying these factors, two weigh in McKaufman's favor and one weighs in favor of the government. The delay was substantial, and McKaufman asserted his right to speedy trial. The state charged McKaufman in February 2011 and convicted him over two years later in May 2013, and he explicitly asserted his right to a speedy trial several times. But the reasons for the delay weigh against McKaufman. His miscommunication for scheduling depositions led to a continuance, and then his state habeas petition resulted in a stay of the trial proceedings.

We cannot say that, in light of our deferential review of the state court's decision, the final prejudice factor weighs in favor of McKaufman. McKaufman argues that the trial court's unfulfilled promise satisfies "the substantial showing of prejudice." But besides conclusory statements, McKaufman fails to explain how the trial delay impacted his defense in any way. The fourth *Barker* factor considers three interests in determining prejudice: (1) "to prevent oppressive pretrial incarceration"; (2) "to minimize anxiety and concern of the accused"; and (3) "to limit the possibility that the defense will be impaired." *Barker*, 407 U.S. at 532. McKaufman's arguments require the state courts and this Court to presume that proof of a delay establishes prejudice. But the Supreme Court has never applied a presumption of prejudice under the *Barker* test, and

the test itself sets out prejudice as a separate factor that must be considered. We cannot say that the state court's decision not to presume prejudice was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court[.]" 28 U.S.C. § 2254(d)(1).

Because McKaufman has not "show[n] there was no reasonable basis for the state court to deny relief," *Richter*, 562 U.S. at 98, the district court correctly denied his habeas petition.

## IV.

For these reasons, we **AFFIRM** the district court.